# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILSPEC TECHNOLOGIES, INC., an Oklahoma Corporation, </br></br>Plaintiff,</br></br>vs.</br></br>RUGAO ISEN ELECTRONIC CO., LTD., AKA ISEN CONTROLS, a Chinese Company, and CAI ZHANLING, an Individual,</br></br>Defendants. | Case No. CIV-15-1328-M |

## ORDER

Before the Court is defendants' Corrected Amended Motion to Dismiss, filed June 20, 2017. On July 11, 2017, plaintiff filed its response. Defendants have filed no reply.

I.  Introduction

In the instant action, plaintiff is seeking injunctive relief and monetary damages arising out of defendants' alleged infringement and unauthorized use of plaintiff's copyrighted pictures of products. Plaintiff further alleges defendants have engaged in false advertising, false designation of origin, deceptive and unfair trade practices, unfair competition, and passing off. Defendants now move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(2),(6), to dismiss this action on the following bases: (1) plaintiff's failure to state a cause of action upon which relief can be granted; (2) lack of personal jurisdiction; (3) misapplication of the Lanham Act to support a copyright violation; (4) failure to state a cause of action under the Oklahoma Deceptive Trade Practices Act; and (5) material misstatements of facts in the Amended Complaint.

II. Discussion

    A. Personal jurisdiction

When a court's personal jurisdiction is contested, the plaintiff has the burden of proving that jurisdiction exists. *See ASAT Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1056-57.

> To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry.

*Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal citations omitted).

> The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum State. The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a non-resident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state.

*Id.* (internal quotations and citations omitted).[1]

---

[1] Plaintiff concedes that defendants do not have a sufficient presence in Oklahoma to establish general jurisdiction. Plaintiff, however, contends that this Court may assert specific jurisdiction over defendants.

> A specific jurisdiction analysis involves a two-step inquiry. First [a court] must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. Second if the defendant's actions create sufficient minimum contacts, [a court] must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.

*Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (internal quotations and citations omitted). "A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant *himself* that create a substantial connection with the forum state." *Id.* at 1076 (internal quotations and citation omitted) (emphasis in original). Further, whether a defendant has the required minimum contacts must be decided on the particular facts of each case. *See id.*

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has made a prima facie showing of personal jurisdiction. Specifically, the Court finds plaintiff has submitted sufficient evidence showing that defendants operate Isen Controls. The Court further finds plaintiff has submitted sufficient evidence showing that defendants purposefully directed their actions at Oklahoma residents and that plaintiff's claims arise out of these actions; plaintiff has submitted evidence showing that defendants sent Merkler, an Oklahoma entity, "Isen Controls" promotional material that contains plaintiff's copyrighted material. The Court, therefore, finds that defendants have the requisite minimum contacts. Additionally, the Court finds the exercise of personal jurisdiction over defendants does not offend traditional notions of fair play and substantial justice. Accordingly, the Court finds that it has personal jurisdiction over defendants and that this action should not be dismissed for lack of personal jurisdiction.

B. Failure to state a claim

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

### 1. Infringement of copyright claims

Defendants assert that plaintiff has not alleged any violation of United States copyright law for which this Court has jurisdiction. Specifically, defendants assert that United States copyright laws do not have extraterritorial effect and in order for this Court to assert jurisdiction, it is necessary that some act of defendants must have occurred in the United States. Defendants further contend that plaintiff does not allege any misconduct of defendants regarding defendants' use of plaintiff's photographs occurring in any manner in the United States.

Having carefully reviewed plaintiff's Corrected Amended Complaint, the Court finds that plaintiff has set forth sufficient allegations of violations of United States copyright law for which this Court has jurisdiction. Specifically, in each of its copyright infringement claims, plaintiff alleges: "Defendant further infringed Plaintiff's copyright to Picture [specific number] by copying and distributing those copies to individuals and entities – including customers of Plaintiff – throughout the United States including, but not limited to, Oklahoma." Corrected Amended Complaint at ¶¶ 20, 25, 30, 35, 40, 45, 50, 55, 60, 65, 70, 75, 80, and 85. The Court, therefore, finds that plaintiff's infringement of copyright claims should not be dismissed.

### 2. Lanham Act claim

Defendants further assert the alleged Copyright Act violations in this case will not support a Lanham Act violation because plaintiff can assert no enforceable trademark or other intellectual property interest in its products sufficient to permit the public to be deceived by the sale of identical products. Defendants also assert that nothing in any of the photographs protected by copyright serves to protect an interest in the object portrayed therein. Defendants contend that it is well understood the Lanham Act false designation of origin provisions in 15 U.S.C. § 1125(a) are

applicable to misuse of trademarks and not copyrights. Plaintiff, on the other hand, asserts that it has alleged elements sufficient to state a claim for violation of the Lanham Act.

> [I]n order to state a claim under § 43(a) of the Lanham Act, a plaintiff must allege: (1) that defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injur[y] [to] the plaintiff.

*Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1252 (10th Cir. 1999) (internal citations omitted).

Having carefully reviewed plaintiff's Corrected Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient allegations to state a Lanham Act claim. Specifically, the Court finds plaintiff has sufficiently alleged that defendants made material false or misleading representations of fact in connection with the commercial advertising or promotion of their product in commerce that was likely to cause confusion or mistake as to the origin of the product; plaintiff particularly alleges that defendants falsely marketed plaintiff's products as their own and used plaintiff's products to advertise to customers throughout the United States, *see* Corrected Amended Complaint at ¶ 87, and that defendants made false or misleading statements in their advertisements of their products as to the origin of their products, *see* Corrected Amended Complaint at ¶ 88. Plaintiff also has sufficiently alleged it suffered damages as a result of defendants' conduct. Accordingly, the Court finds that plaintiff's Lanham Act claim should not be dismissed.

    3.    <u>Oklahoma Deceptive Trade Practices Act claim</u>

Defendants contend that plaintiff has failed to allege any facts sufficient to meet the standard under Oklahoma law requiring a knowing violation of the Oklahoma Deceptive Trade

Practices Act. Specifically, defendants assert that the complete absence of allegations of any specific acts of defendants, in light of the legality of any of the alleged actions by them in China, renders impossible any actions of defendants which could meet the standard under the Oklahoma Deceptive Trade Practices Act of knowingly acting in violation of the law. Plaintiff, on the other hand, contends that its amended complaint adequately alleges a claim for defendants' violation of the Oklahoma Deceptive Trade Practices Act.

The Oklahoma Deceptive Trade Practices Act defines a deceptive trade practice as occurring in the course of business and including, *inter alia*, (1) passing off goods or services as those of another, (2) knowingly making a false representation concerning the source or certification of goods or services, and (3) advertising goods that differ from those offered for sale in advertisements. *See* Okla. Stat. tit. 78, § 53(A)(1),(3),(9). Having carefully reviewed plaintiff's Corrected Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has sufficiently alleged that defendants engaged in each of the above deceptive trade practices. The Court, therefore, finds that plaintiff has not failed to state a claim for violation of the Oklahoma Deceptive Trade Practices Act. Accordingly, the Court finds that plaintiff's Oklahoma Deceptive Trade Practices Act claim should not be dismissed.

    4.  <u>Materially false allegations</u>

Defendants also assert that there are materially false allegations in plaintiff's Corrected Amended Complaint and based upon these false allegations, this Court should dismiss the amended complaint for failure to state a claim upon which relief can be granted. Having carefully reviewed the parties' submissions, the Court finds that defendants have not clearly shown that

there are materially false allegations in plaintiff's Corrected Amended Complaint. The Court, therefore, finds the amended complaint should not be dismissed on this basis.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendants' Corrected Amended Motion to Dismiss [docket nos. 34 and 35].

**IT IS SO ORDERED this 25th day of August, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE