# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILSPEC TECHNOLOGIES, INC., an Oklahoma Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-15-1328-M ) |
| RUGAO ISEN ELECTRONIC CO., LTD., AKA ISEN CONTROLS, a Chinese Company; and CAI ZHANGLING, an Individual, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendants' Motion to Quash Plaintiff's Subpoenas to Produce Documents or in the Alternative Motion for a Protective Order, filed June 12, 2017. On June 30, 2017, plaintiff filed its response, and on July 7, 2017, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

On December 4, 2015, plaintiff filed the instant action, alleging defendants unlawfully infringed on fourteen separate pictures on which plaintiff is the copyright owner and defendants unlawfully used the copyright pictures to sell their own product and obtain a UL Certification in violation of the Lanham Act and Oklahoma's Deceptive Trade Practices Act. Defendants filed a motion to dismiss, alleging, in part, that this Court lacked personal jurisdiction over them. Upon request, this Court granted plaintiff additional time to conduct jurisdictional discovery. In an effort to discover where in the United States defendants conducted business, plaintiff issued eighteen subpoenas (the "Subpoenas") to various non-party companies which generally requested the production of communications and contracts with defendants, as well as documents reflecting the purchase or receipt of any of defendants' products. Defendants now move this Court to quash the

Subpoenas or, in the alternative, to issue a protective order prohibiting discovery concerning any information or actions occurring after March 24, 2013, prohibiting discovery as to any patents of defendants at any time in China, and prohibiting discovery regarding the period from March 25, 2011 through March 24, 2013 and which is relevant to the current lawsuit between the parties in China.

Plaintiff asserts that defendants lack standing to quash the subpoenas.

> Generally speaking, a party to the lawsuit does not have standing to quash a subpoena served on a nonparty. A motion to quash a subpoena may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.

*Stewart v. Mitchell Transp.*, Civil Action No. 01-2546-JWL, 2002 WL 1558210 at *1 (D. Kan. 2002) (internal quotations and citations omitted). In their reply, defendants assert that defendant Cai Zhangling has a personal right in documents which relate to his right to compete with plaintiff.[1] Having carefully reviewed the parties' submissions, as well as the Subpoenas, the Court finds that defendants do not have any personal right or privilege with respect to the subject matter requested in the Subpoenas. The Court, therefore, finds that defendants do not have standing to move to quash the Subpoenas. Accordingly, the Court finds that defendants' motion to quash should be denied.

Defendants also move this Court for a protective order. Specifically, defendants assert that the instant action is being used for the sole purpose of discovering evidence to support plaintiff's second lawsuit in China and, consequently, narrow discovery parameters should be imposed in this case. Having carefully reviewed the parties' submissions, the Court finds that defendants have

---

[1] Defendants do not assert that they have any right of privilege to the documents sought through the Subpoenas.

not sufficiently shown to this Court that the instant action is a "sham lawsuit" solely brought to obtain evidence to be used in plaintiff's second lawsuit in China. Accordingly, the Court finds that defendants have not met their burden to obtain a protective order and defendants' alternative motion for protective order should be denied.

The Court, therefore, DENIES defendants' Motion to Quash Plaintiff's Subpoenas to Produce Documents or in the Alternative Motion for Protective Order [docket no. 33].

**IT IS SO ORDERED this 25th day of August, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE