# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

WILSPEC TECHNOLOGIES, INC.,   )
an Oklahoma Corporation,   )
      )
     Plaintiff,   )
      )
v.   )     Case No. CIV-15-1328-SLP
      )
RUGAO ISEN ELECTRONIC CO.,   )
LTD., AKA ISEN CONTROLS,   )
a Chinese Company, and   )
CAI ZHANGLING,   )
an Individual,   )
      )
     Defendants.   )

## O R D E R

Before the Court is the Motion for Default Judgment Against Defendants and Brief in Support of Plaintiff WILSPEC Technologies, Inc. (Plaintiff or WILSPEC) [Doc. No. 75]. Defendants have not responded and the time for doing so has expired. The Clerk has previously entered default against Defendant Rugao Isen Electronic Co., Ltd., AKA ISEN Controls (Rugao) [Doc. No. 65] and entered default against Defendant Cai Zhangling (Zhangling) [Doc. No. 61]. For the reasons set forth below, Plaintiff's Motion is granted.

## I.    Background

On December 4, 2016, Plaintiff filed its Complaint alleging infringement of fourteen separate copyrighted works (collectively referred to as the Copyrighted Material). Plaintiff also alleged violations of the Lanham Act, 15 U.S.C. § 1125(a) and violations of the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78, § 53 et seq. Defendants,

represented by counsel, moved to dismiss the Complaint for lack of personal jurisdiction or, alternatively, failure to state a claim upon which relief may be granted.

Plaintiff then filed an Amended Complaint [Doc. No. 31] (as corrected [Doc. No. 41]) and Defendants again moved to dismiss the Amended Complaint. The Court denied the motion to dismiss and found Plaintiff had adequately made a prima facie showing of personal jurisdiction. *See* Order [Doc. No. 43]. The Court also found Plaintiff had sufficiently stated claims for copyright infringement, Lanham Act violations and violations of the Oklahoma Deceptive Trade Practices Act. *Id*.

Thereafter, Defendants' counsel moved to withdraw. Counsel's initial request was granted as to Defendant Zhangling and denied as to Defendant Rugao, but the Court subsequently granted counsel's re-urged motion as to Defendant Rugao. *See* Orders [Doc. Nos. 49, 57]. The Court specifically advised Defendant Rugao that as a business entity, it could not appear pro se in this matter. *See* Order [Doc. No. 57]. The Court further specifically advised Defendant Rugao that failure to retain counsel by the established deadline could result in the entry of a default judgment or other sanction. *Id*.

To date, Defendant Rugao has taken no further action in this case. Similarly, Defendant Zhangling has taken no action in this case. Defendants have ignored deadlines set forth in the Court's Scheduling Order and have failed to respond to other orders of the Court. Also, Defendants have failed to respond to motions filed by Plaintiff. Most recently, the Court directed Defendants to advise the Court whether they objected to Plaintiff's waiver or withdrawal of its demand for a jury trial. Defendants did not timely respond and per the Court's order, the Court deems Defendants to have consented to the

waiver.  *See* Order [Doc. No. 70].  As stated above, Defendants have not responded to Plaintiff's Motion for Default Judgment currently pending before the Court.

## II.    Default Judgment is an Appropriate Sanction

Plaintiff moves for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.  Rule 55(a) provides that default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Here, Defendants filed motions to dismiss and participated in early stages of this litigation. Thus, the Court declines to grant a default judgment under Rule 55.

As referenced in the Court's prior orders, however, default judgment may be entered as a sanction against Defendants for failure to comply with the Court's orders.  *See* Fed. R. Civ. P. 16(f)(1)(c).   Additionally, "courts have broad inherent power to sanction misconduct and abuse of the judicial process, which includes the power to enter a default judgment."  *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (quotations and citations omitted).

"Default judgment is a harsh sanction that should be used only if the failure to comply with court orders is the result of willfulness, bad faith, or any fault of the disobedient party rather than inability to comply." *Id*. at 1147–48 (quotations and citation omitted). To determine whether entry of default judgment is an appropriate sanction, the court applies the factors identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Those factors are: (1) the degree of actual prejudice to the non-offending party, (2) the amount of interference with the judicial process, (3) the culpability of the disobedient party, (4) whether the court warned the disobedient party in advance that default judgment

3

would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *See id*.; *see also Klein–Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) (applying *Ehrenhaus* factors in considering whether the sanction of default judgment was appropriate). The Tenth Circuit reviews a "district court's decision to enter default judgment as a sanction for abuse of discretion." *Harper*, 777 F.3d at 1148.

### 1. Degree of Actual Prejudice

Plaintiff has been significantly hindered in seeking redress for its alleged injuries because of Defendants' failure to comply with the Court's orders or otherwise participate in ongoing litigation. Thus, Plaintiff has suffered sufficient prejudice and the first factor weighs in favor of default judgment.

### 2. Amount of Interference with Judicial Process

Defendants actions, including their repeated failures to comply with and respond to court orders, have caused significant delays in this case, required the Court to expend unnecessary resources, and hindered the Court's management of its docket. It is impossible for a case to move forward when a party refuses to participate in the litigation. The Court, therefore, concludes that Defendants' actions have substantially interfered with the judicial process.

### 3. Culpability

Defendants have failed to make any showing that they are not completely responsible for their actions in this case. Defendants have not provided any justifiable excuse or explanation for failing to comply with this Court's orders. Indeed, Defendants

have been wholly nonresponsive. Accordingly, the Court finds Defendants are fully culpable for their actions.

### 4. Advance Warning

Defendants have been warned that their failure to comply with the Court's orders may subject them to further sanctions, including, but not limited to, entry of default judgment.

### 5. Efficacy of Lesser Sanctions

For the reasons detailed above, the Court finds any lesser sanctions will be ineffective due to Defendants' wholesale failure to participate.

Applying the factors set forth, the Court concludes that the factors weigh in favor of awarding default judgment to Plaintiff.

## III.  Relief Awarded to Plaintiff

Plaintiff seeks an award of damages as well as injunctive relief. Plaintiff has waived its right to a jury trial on the issue of damages and Defendants, through their failure to respond to this Court's orders, are deemed to have consented to the waiver. The Court may award damages from the facts of the record and may rely on detailed affidavits or documentary evidence. *MacAlmon Music, LLC v. Maurice Sklar Ministries, Inc.*, No. 13-cv-2471-PAB, 2015 WL 794328 at *11 (D. Colo. Feb. 4, 2015) (unpublished op.).

### A.  Copyright Infringement

In order to establish a prima facie case of copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1138

(10th Cir. 2016). The plaintiff bears the burden of proof as to both elements. *La Resolana Architects, PA v. Reno, Inc*., 555 F.3d 1171, 1171 (10th Cir. 2009). A timely obtained Certificate of Registration constitutes prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c). "Once the presumption pursuant to . . . § 410(c) is established, the defendant had the burden of overcoming it." *The Gates Rubber Co. v. Bando Chemical Indust., Ltd*., 9 F.3d 823, 832 (10th Cir. 1993).

Plaintiff identifies, and seeks damages for infringement of its Copyrighted Material due to Defendants unauthorized publication and distribution of advertising materials containing the Copyrighted Material. *See* 17 U.S.C. § 106. Upon review of the record, the Court concludes Defendants are liable for these instances of copyright infringement. In making this determination, the Court also concludes that Defendants willfully infringed these copyrights. *See, e.g., Arista Records, Inc. v. Beker Enters., Inc*., 298 F. Supp.2d 1310, 1313 (S.D. Fla. 2003) ("[T]his Court may infer Defendants willfully infringed Plaintiffs' copyrights because of Defendants' default.") (collecting cases).

Plaintiff does not seek an award of statutory damages. Instead, Plaintiff seeks to recover actual damages and "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(a), (b). Specifically, Plaintiff requests an award of actual damages in the amount of $5,000.00 for Defendants' unlawful use of the Copyrighted Material. Plaintiff provides evidence that this amount represents production costs incurred by Plaintiff for the preparation and development of the Copyrighted Material. *See* Wilhelm Decl. [Doc. No. 76-1], ¶ 19. In seeking these damages Plaintiff acknowledges that the Copyrighted

Material was not registered at the time Defendants used it in their promotional materials and, therefore, damages are limited to "'what a willing buyer would have been reasonably required to pay a willing seller for the owner's work.'" Pl.'s Mot. at 18 (quoting *Mackie v. Rieser*, 296 F.3d 909, 917 (9th Cir. 2002)). The Court finds an award of damages in the amount of $5000.00 is proper.

**B.    Violations of the Lanham Act and Oklahoma's Deceptive Trade Practices Act**

Plaintiff also seeks damages for violations of the Lanham Act and Oklahoma's Deceptive Trade Practices Act. Plaintiff claims that by making false and/or misleading statements about products and/or services, Defendants have unfairly competed with Plaintiff in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by passing off Defendants' products as Plaintiff's, and through false advertising. *See* Am. Compl., ¶ 89. Plaintiff claims this same conduct violates Oklahoma's Act, Okla. Stat. tit. 78, § 53 et seq. *Id.*, ¶¶ 95-98.

"Trademark infringement is a type of unfair competition; the two claims have virtually identical elements and are properly addressed together as an action brought under 15 U.S.C. § 1125(a)(1)(B), commonly known as section 43 of the Lanham Act." *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008). Both claims require the same elements: (1) a protectable interest in the Marks; (2) the use of identical or similar Marks in commerce; and (3) the likelihood of confusion arising from the use of an identical or similar Mark. *Derma Pen, LLC v. 4EverYoung Ltd.*, 773 F.3d 1117, 1120 (10th Cir. 2014). If trademark infringement is established, a plaintiff

may recover defendant's profits, damages sustained by the plaintiff, and costs of the action as damages. 15 U.S.C. § 1117(a); *see also* Okla. Stat. tit. 78, § 54(A) (allowing recovery of actual damages sustained as a result of the deceptive trade practice of another).

Plaintiff submits evidentiary support for its claims that Defendants (1) falsely marketed and passed off Plaintiff's products as their own by using Plaintiff's confidential and proprietary material; (2) engaged in unfair business practices designed to deceive and confuse the customer in order to pass off Isen products as WILSPEC products; (3) fraudulently identified and promoted UL certification of Isen products; and (4) unlawfully used WILSPEC's confidential and proprietary information to obtain UL certification.

Plaintiff also submits evidence of damages for lost sales and/or losses resulting from WILSPEC being forced to lower its price to identified businesses including AAON and Johnson Controls, Inc. (JCI); decreased and delayed sales to AAON and JCI; and the savings to Defendants in applying for and obtaining six separate UL ratings using WILSPEC's confidential and proprietary information. The Court finds Plaintiff is entitled to an award of damages for these violations as more fully set forth below.

### C. Permanent Injunctive Relief

Finally, Plaintiff seeks a permanent injunction to enjoin Defendants from continued unlawful distribution of WILSPEC's copyrighted material. Plaintiff seeks such relief under the Copyright Act and specifically, 17 U.S.C. § 502(a) which provides:

> Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or refrain infringement of a copyright.

*Id.* The Court considers whether Plaintiff has met its burden as to the following factors in determining whether a permanent injunction is proper: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *See, e.g., MacAlmon Music,* 2015 WL 794328 at *8.

By Defendants' default, Plaintiff has established the first factor. *Id.* (citation omitted). As to the second element, a presumption of irreparable harm attaches where there has been copyright infringement. *Id.* (citing cases). The harm to Plaintiff resulting from Defendants' infringement – including the damages set forth above – outweighs the harm, if any, issuing an injunction that requires Defendants to comply with the law. *Id.* Finally, it is in the public's interest to uphold copyright protections. *Id.* The Court, therefore, concludes that Plaintiff is entitled to injunctive relief.

## IV. <u>Conclusion</u>

In summary, having fully reviewed the record and the exhibits attached to Plaintiff's Motion, the Court finds Plaintiff is entitled to the following relief:

(1)     Monetary damages:

  (a)     Defendants' unlawful use of Plaintiff's Copyrighted Material: $5,000.00;

  (b)     Defendants' violation of the Lanham Act and Oklahoma Deceptive Trade Practice Act with respect to AAOC: $61,328.14;

  (c)     Defendants' violation of the Lanham Act and Oklahoma Deceptive Trade Practice Act with respect to JCI: $122,467.00;

(d)     Defendants' violation of the Lanham Act and Oklahoma Deceptive Trade Practice Act with respect to using confidential and proprietary WILSPEC materials in order to pass off ISEN PS1 as WILSPEC HS Series pressure switch to achieve UL certification: $229,460.46; and

(2)     Permanent injunctive relief:

Defendants shall be and hereby are enjoined from directly or indirectly infringing WILSPEC's rights under federal or state law in the Copyrighted Material and any art work, whether now in existence or later created, that is owned or controlled by WILSPEC. Defendants shall also destroy all copies of WILSPEC's work and shall destroy all copies of those in any physical medium or device in Defendants' possession, custody or control.

Defendants shall be and hereby are enjoined from directly or indirectly identifying that Isen products PS1M has UL certification. Defendants shall immediately inform any customer who has purchased Isen product PS1M that such product is not UL certified and shall destroy all material identifying Isen products PS1M as having UL certification.

Defendants shall be and hereby are enjoined from directly or indirectly utilizing or including in any application for UL or other agency certification WILSPEC's confidential and proprietary material. Defendants shall immediately inform UL of their use of WILSPEC confidential and proprietary material in obtaining UL certification of the Isen PS1 and withdraw such material. Defendants shall immediately destroy all copies of WILSPEC confidential and proprietary material in their possession, custody or control.

IT IS SO ORDERED this 8th day of August, 2019. A separate Default Judgment shall be entered.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE